# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FIDEL SALCEDO PARRA,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-1559** |
| **v.** | : | |
| | : | |
| **MICHAEL ROSE, in his official** | : | |
| **capacity as ICE Field Office Director,** | : | |
| ***et al.*,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 16th day of March 2026, upon consideration of Petitioner Fidel Salcedo Parra's, ("Petitioner"), *verified petition for habeas corpus*, (the "Petition"), (ECF 1)[1], and Respondents' (the "Government"),[2] answer in opposition, (ECF 5), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition *for habeas corpus* is **GRANTED**,[3] as follows:

---

[1]    The Court notes that Petitioner filed a duplicate version of the Petition without exhibits, (ECF 2).

[2]    Petitioner has named as Respondents the following individuals in their official capacities, *to wit*: Michael Rose, Immigration and Customs Enforcement, ("ICE"), Field Office Director; Kristi Noem, Secretary of Homeland Security; Todd M. Lyons, Acting Director of ICE; Jamal Lawrence Jamison, Warden of the Philadelphia Federal Detention Center, ("FDC"); and Pamela Bondi, Attorney General of the United States. (ECF 1).

[3]    Petitioner is a native and citizen of Mexico who entered the United States without inspection in 2005 and since his entry has not left the United States. (ECF 1 at ¶¶ 1, 22, 23). Petitioner represents that he does not have a criminal record and is eligible for 42B Cancellation of Removal through his U.S. citizen wife and three U.S. citizen children. (ECF 1 at ¶¶ 2, 25, 27).

On March 9, 2026, Petitioner was detained by ICE agents while leaving Home Depot, brought to the FDC, and issued a Notice to Appear. (ECF 1 at ¶¶ 3, 24); (*see also* ECF 1, Ex. C) (setting an internet-based master hearing for March 23, 2026). On March 11, 2026, Petitioner was transferred to Moshannon Valley Detention Center, where he remains detained. (ECF 5 at p. 3 n. 3). Petitioner argues that neither DHS nor its sub-agencies has made any claim that he is a danger to persons or property or a flight risk, and that DHS did not perform an individual assessment prior to or contemporaneously with the decision to detain Petitioner. (ECF at ¶¶ 28-29).

By way of the Petition, Petitioner seeks a declaration that his detention is unlawful and his immediate release from detention or, in the alternative, an individualized bond hearing. Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), and his rights under the Fifth Amendment Due Process Clause of the United States Constitution. Each is addressed in turn.

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the laws and the Constitution of the United States, he is to be ***immediately*** transferred and transported from the Moshannon

---

Petitioner argues that his detention pursuant to 8 U.S.C. § 1225(b) violates the INA because, as he has never been subject to expedited removal and has been in the United States for several years, he is not subject to that mandatory detention provision. Rather, DHS' authority to detain him, if any, arises under 8 U.S.C. § 1226(a), and his detention without a bond hearing runs afoul of 8 U.S.C. § 1226(a). In its response, the Government reiterates an argument that this Court and others in this District and throughout the country have addressed and rejected. Specifically, the Government argues that, because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that he is lawfully being detained pursuant to 8 U.S.C. § 1225(b)(2). Consistent with this Court's many rulings, this Court finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). The Court also finds that DHS' present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and that his continued detention without such a hearing violates the INA.

Petitioner further argues that his detention violates his constitutional due process rights because it was imposed without process, a showing of changed circumstances, an opportunity for Petitioner to respond, and without a bond hearing. The Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration. To determine whether Petitioner has been denied due process, the Court applies the *Mathews v. Eldrige* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights. On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

In light of his statutory and due process violations, Petitioner seeks his immediate release from custody. Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.

Valley Processing Center to the Federal Detention Center, ("FDC"), in Philadelphia, Pennsylvania and, upon his arrival, he is to be immediately released therefrom;[4]

3.  The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on March 9, 2026; and

4.  The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on March 17, 2026.

The Clerk of Court shall mark this case **CLOSED,** upon receipt of the certification.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[4]    By Order dated March 12, 2026, this Court instructed, *inter alia*, that Respondents not move or remove Petitioner outside of the City of Philadelphia or the FDC during the pendency of this matter. (ECF 3).  However, the Government represents that on March 11, 2026, it transferred Petitioner to Moshannon Valley Processing Center, and Petitioner's counsel did not object to Petitioner remaining there pending the resolution of this Petition.  (ECF 5 at p. 3 n. 3).  The Government is ordered to transfer Petitioner back to the FDC with the same expediency with which it transferred him to the Moshannon Valley Processing Center.